**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**TRAMALE D. WRIGHT**                                                   **PETITIONER**

**VS.**                       **NO.  4:08-CR-00241-01-GTE**
                                  **(4:11-CV-00455-GTE)**

**UNITED STATES OF AMERICA**                                 **RESPONDENT**

**<u>ORDER</u>**

Before the Court is Petitioner Tramale Wright's Motion to Vacate, Set Aside Conviction and Sentence or Correct Sentence, pursuant to 28 U.S.C. § 2255, filed on June 1, 2011. The Government responded on August 1, 2011. For the reasons explained below, the Court concludes that Petitioner's motion should be denied.

**I.    BACKGROUND**

On July 8, 2009, Tramale Wright pled guilty to two counts of armed bank robbery. Mr. Wright robbed the second bank while on pre-trial release for robbing the first bank. He came before the Court for sentencing on December 3, 2009. The Court imposed a sentence of 68 months imprisonment on count one and 100 months imprisonment on count two, to run consecutively, a $200 special penalty assessment, and restitution in the sum of $2,256. Judgement was entered on December 4, 2009.

On December 16, 2009, Petitioner filed a timely notice of appeal. Petitioner's counsel submitted a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Petitioner submitted a supplemental brief. The Eighth Circuit directed defense counsel to brief the issue of whether the district court committed plain error in computing the Guideline range.

The Eighth Circuit concluded that this court committed a procedural error by applying the section 3C1.3 three level adjustment for committing an offense while on release before

applying the 3D1.4 adjustment for determining the combined offense level.  Absent this error, Petitioner's advisory guideline range would have been 121-151 months instead of 135-168 months.  The court further concluded, however, that the error did not affect Petitioner's substantial rights and that the sentence imposed was not substantively unreasonable.

## II.	DISCUSSION

All of Petitioner's claims for collateral relief are related to the underlying error in the calculation of his base offense level, an error the Eighth Circuit recognized but found did not merit reversing his sentence.

Petitioner contends that the sentence imposed was unlawful and an incorrect application of the Guidelines.  This argument is a rehash of the same theories he presented and lost on appeal to the Eighth Circuit.  Existing legal principles prevent Petitioner from relitigating in a § 2255 claim the same claims he presented and lost on appeal.  *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003).  Petitioner therefore is precluded from presenting these issues on appeal.

Petitioner also brings two ineffective assistance of counsel claims, contending that his counsel erred in failing to object to the Guideline calculation and in failing to withdraw the *Anders* brief after the guideline errors were identified.  Because ineffective assistance claims are an exception to the bar on relitigation, the Court may address such claims on the merits.  *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006).

To prevail on his ineffective assistance claims, Petitioner must show that his attorney's performance was deficient and that the deficiency prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Deficiency means that counsel's performance fell below an objective standard of reasonableness, and prejudice means that, but for counsel's errors, a reasonable probability exists that the result of the sentencing would have been different.  *Id*. at 694.  It is unnecessary to address both prongs of the *Strickland* test if one prong is not satisfied.

*See Strickland,* 466 U.S. at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.").

The Court concludes that Petitioner is unable to show prejudice as a result of either alleged ineffective assistance claim. As to his claim that his counsel erred in failing, on appeal, to withdraw her *Anders* brief, he has failed to show that this failure had any impact on his appeal. The Eighth Circuit, following its *Penson*[1] review, pointed out for the first time the error in the guideline calculation used to determine the advisory guideline range at sentencing and directed the Government to brief the issue.[2] Petitioner was then appointed new counsel to assist him with his appeal. There is no indication that the outcome of the appeal would have been different if the *Anders* brief had been withdrawn.

Petitioner also argues that after the Eighth Circuit identified the potential error his counsel should have sought remand for an evidentiary hearing to resolve the issue of whether the guideline calculation error affected his sentence. To the extent that the alleged prejudice was the failure to get before this Court the issue of whether the guideline miscalculation impacted his sentence, such prejudice is the same as that related to his alternative contention that his counsel was ineffective for failing to raise the guideline calculation error at sentencing.

Both claims must establish prejudice by showing that his sentence was greater because of the error, that is, that this Court would have imposed a sentence of less than 168 months,, if the correct Guideline range of 121-151 months had been before the Court, either at sentencing or upon a remand from the Eighth Circuit (assuming, without deciding, that appellate counsel could have successfully withdrawn her *Anders* brief and obtained a remand to resolve the sentencing error identified by the Eighth Circuit).

---

[1] *Penson v. Ohio*, 488 U.S. 75, 80 (1988). Under *Penson*, the appellate court, following receipt of an *Anders* brief, conducts a full and independent examination of the case to assess for itself whether any appeal would be frivolous.

[2] At sentencing, defense counsel, the probation officer, the Court, and the Government all failed to appreciate that the Guideline calculation was incorrect..

The Court agrees with Petitioner that if his sentence was increased to any degree as a result of the error then he has shown prejudice. In *Glover v. United States*, 531 U.S. 198, 203 (2001), the Supreme Court held that an increase of 6 to 21 months in the guideline range, assuming it was a legal error, would constitute legal prejudice under *Strickland*. The unanimous ruling reversed a Seventh Circuit ruling rejecting Glover's ineffective assistance claim against his counsel by finding that Glover suffered no prejudice where the result of his counsel's alleged deficiency was only a 2 level guideline increase with a corresponding difference in the guideline range of 6 and 21 months.[3] The Court held:

> The Seventh Circuit was incorrect to rely on *Lockhart* to deny relief to persons attaching their sentence who might show deficient performance in counsel's failure to object to an error of law affecting the calculation of a sentence because the sentence increase does not meet some baseline standard of prejudice. Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance.

*Id.*, at 203.

Because the Court finds that Petitioner's sentence was not increased as a result of the sentencing guideline error, it concludes that Petitioner is unable to demonstrate prejudice. After reviewing the sentencing transcript, the Court finds and concludes that had the guideline range been properly computed and before it at sentencing, it would have rejected the advisory range, 121 to 151 months, as insufficient to achieve the sentencing purposes of 18 U.S.C. § 3553(a) and imposed a non-guideline sentence of 168 months. Specifically, the Court would have found that 151 months, the maximum correctly computed guideline sentence, would not have provided an adequately punitive sentence considering all of the facts and circumstances of Petitioner's offense conduct. The manner in which Petitioner carried out the bank robberies was unnecessarily violent.

Because this Court would not have imposed less than the 168 total months

---

[3] Like this case, defense counsel's alleged error in *Glover* concerned grouping provisions of the Guidelines.

actually imposed, even absent the guideline error, Petitioner has failed to establish prejudice and cannot prevail on his ineffective assistance of counsel claims.

Accordingly,

IT IS THEREFORE ORDERED THAT Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Criminal docket no. 54), be and it is hereby, DENIED.

IT IS SO ORDERED this  15th   day of August, 2011.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE